UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ROBERT EMANUEL WILKINS, JR.,

Plaintiff,

v.

KRISTIAN SCOTT BECKETT, individually, K3 LEGAL P.C., an Idaho professional service corporation d/b/a BECKETT LAW FIRM; and BECKETT LAW GROUP PC, an Idaho professional service corporation,

Defendants.

Case No. 1:26-cv-00564-DCN

**INITIAL REVIEW ORDER**

## I. INTRODUCTION

Before the Court is Plaintiff Robert Emanuel Wilkins, Jr.'s Complaint (Dkt. 2), Application for Leave to Proceed in Forma Pauperis (Dkt. 1), Motion for Leave to File Electronically (Dkt. 5), and Motion for Appointment of Counsel (Dkt. 6). Under 28 U.S.C. § 1915, the Court must review Wilkins' request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Wilkins' Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court DENIES Wilkins' application to proceed in forma pauperis but will allow him to file an amended application within 30 days. Because he has

shown good cause, the Court will GRANT Wilkins' motion to file electronically. Wilkins' circumstances do not rise to a sufficiently exceptional or complex level to warrant the appointment of counsel and the Court accordingly DENIES that motion. Wilkins' claim under Idaho Code § 5-219(4) appears facially sound. However, the Court will defer a final ruling as to whether that claim may proceed until Wilkins remedies his in forma pauperis application.

## II. BACKGROUND

Wilkins brings this action against Defendants Kristian Scott Beckett, K3 Legal P.C., and Beckett Law Group PC ("Defendants") for violations of Idaho Code § 5-219(4). Wilkins alleges, on September 14, 2022, officers of the Meridian Police Department unlawfully arrested him. Dkt. 2 at 1–2. Wilkins retained Beckett for the purpose of pursuing claims related to this incident. *Id.* Wilkins alleges that Beckett incorrectly advised him his claims had not yet ripened and, because of this, he should not respond to a then-pending federal action. *Id.* at 2. Wilkins asserts that because of this erroneous advice, his otherwise meritorious claims expired in the interim. *Id.* In addition to his application to proceed in forma pauperis, Wilkins has submitted a motion to file electronically (Dkt. 5), and a motion for appointment of counsel (Dkt. 6).

## III. LEGAL STANDARDS

### A. Application for Leave to Proceed in Forma Pauperis

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis

status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

**B. Motion for Leave to File Electronically**

Federal Rule of Civil Procedure 5(d)(3)(B) allows pro se litigants to file electronically where allowed by court order or local rule. Courts will allow pro se litigants to file electronically where they show good cause or extenuating circumstances. *Heit v. Livingston*, 2024 WL 1332833, at *1 (D. Idaho March 28, 2024).

**C. Motion for Appointment of Counsel**

Courts may request an attorney for any person unable to afford counsel in proceedings in forma pauperis. 28 U.S.C. § 1915(e)(1). The law leaves the decision to appoint such counsel to the sound discretion of trial courts who should only grant appointed counsel in "exceptional circumstances." *Agyeman v. Corrections Corp of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)). In evaluating a case for exceptional circumstances, courts look to "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*,

718 F.2d 952, 954 (9th Cir. 1983).

**D. Pleading Standards**

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

///

///

## IV. ANALYSIS

### A. Application to Proceed in Forma Pauperis

Wilkins utilized the Administrative Office of the Court's generic in forma pauperis form. On the form, Wilkins reported that he has no assets nor expenses of any kind. *See generally* Dkt. 1. In fact, he put "zeros" in every single box. However, Wilkins states, in the event the Court does not waive his fees in their entirety, he can pay his court fees in 12 monthly installments of $33.75 each. Dkt. 3 at 2. He also asserts requiring him to pay his $405 filing fee would prevent him from meeting his "ordinary necessities." *Id.* at 1. The Court does not understand how Wilkins will pay the proposed installments given his reported absence of income or how paying the fee will impair his ability to pay for necessities given his reported absence of expenses. Courts deny applications to proceed in forma pauperis where applications lack sufficient clarity. *Dalcier v. Kearns Motor Car*, 2024 WL 5339461, at *1 (M.D. Penn. Oct. 28, 2024). Therefore, the Court denies Wilkins' application to proceed in forma pauperis as written. However, the Court will allow Wilkins an opportunity to submit an amended application to proceed in forma pauperis. Any such amended application must be submitted within 30 days from the date of this order.

### B. Motion to File Electronically

Wilkins cites his indigency and distance from the Court as the primary reasons for his request to file electronically and further highlights that permitting him to file in this manner will reduce the administrative burden to the Court. Dkt. 5 at 2. For these reasons, the Court will grant Wilkins' motion to file electronically.

### C. Motion to Appoint Counsel

Wilkins points to his indigency and lack of legal training to establish his need for appointment of counsel. Dkt. 6 at 2–3. He also highlights what he characterizes as the "unusually complex" nature of the case in that he will need to prove a meritorious civil rights claim against the Meridian Police Department in addition to a malpractice claim against Defendants. *Id.* at 3. As noted below, the Court declines to rule on the sufficiency of Wilkins' Complaint at this time. The Court need not do so to address appointment of counsel because Wilkins' situation does not rise to the level of "exceptional circumstances."

To establish the standard here, Wilkins cites *Agyeman v. Corrections Corp. of America*—a case wherein the Ninth Circuit ruled that a district court should have granted a plaintiff appointed counsel due to exceptional circumstances. 390 F.3d 1101 (9th Cir. 2004). That case is instructive. There, the Ninth Circuit highlighted the unusual nature of the claims the plaintiff needed to bring—most notably a private tort action against the private corporation or, alternatively, a Federal Tort Claims Act against the United States itself as opposed to the *Bivens* action the plaintiff tried to bring. *Id.* at 1103. Plaintiff's unique legal status further complicated matters because he was a non-criminal immigration detainee held by the prison for seven years. *Id.* at 1104.

Given the presently pending case on the matter, the Court will not rule as to the merits of Wilkins' underlying claims at this time. However, the Court does not view Wilkins' need to address two individual claims or the dispute over the tolling of Wilkins' claims as nearly so complex or exceptional in nature as the circumstances present in

*Agyeman*. Therefore, the Court denies Wilkins' motion to appoint counsel.

**D. Sufficiency of Complaint**

Wilkins brings a claim of attorney malpractice against the Defendants under Idaho Code § 5-219(4). Wilkins alleges he had a pending complaint in this Court against the Meridian Police Department and officers involved in his September 2022 arrest as of February 11, 2023. Dkt. 2 at 6. At that time, Wilkins had retained Beckett to represent him for that complaint. *Id.* He then alleges that Beckett advised him that his claim had not yet ripened and that he should not respond to court filings for that reason. *Id.* The Court dismissed the action on July 27, 2023, for failure to comply with procedural requirements and failure to amend the complaint. *Id.* Beckett withdrew from representing Wilkins on April 9, 2024. *Id.* at 9. Prior to terminating representation, Wilkins alleges Beckett provided no warning regarding approaching expiration dates, did not correct his allegedly incorrect advice, and did not undertake any protective measures as to Wilkins' pending claims. *Id.*

Finally, the Complaint identifies a currently pending action in this Court over the same subject matter the Plaintiff has pursued in 2023 but highlights that the defendants in that case have already submitted a motion to dismiss the case on the basis the claims have expired under the applicable statute of limitations. *Id.* at 11. Wilkins believes his claims accrued when a court vacated his conviction on February 24, 2026. *Id.* at 10. However, Wilkins fears the Court will dismiss the new action as being time barred due to the erroneous advice and alleged negligence of the Defendants. *Id.* at 11. For this reason, Wilkins brings this action based on the premise that his § 5-219(4) claim will accrue upon the dismissal of his claims against the Meridian Police Department.

Idaho Code § 5-219(4) allows for recovery of damages by any person for an injury caused by the wrongful act or neglect of any person, firm, association, entity, or corporation licensed to perform professional services. To prevail in a legal malpractice claim related to the timing of filings, a plaintiff must show that the original case had merit and that they would have won had the attorney filed on time. *Dodd v. Jones*, 566 P.3d 379, 389 (Idaho 2025).

Here, Wilkins appears to adequately allege – for purposes of demonstrating a plausible claim – that, but for the conduct of Defendants, his pending claim against the Meridian Police Department would not be at risk of dismissal. However, the Court has not yet ruled in that case on the police department's motion to dismiss. For this reason, the Court declines to decide at this time whether Wilkin's claim may proceed and will revisit the issue after Wilkins remedies the deficiencies of his application to proceed in forma pauperis.

## V. CONCLUSION

Wilkins has not adequately shown his indigency, and the Court therefore DENIES his application to proceed in forma pauperis. Additionally, the Court finds Wilkins has sufficiently shown good cause to file electronically and will allow him to do so. Wilkins has not shown a sufficient degree of exceptional circumstances or complexity to warrant the appointment of counsel, and the Court DENIES that motion. Finally, the Court will delay ruling whether Wilkin's claims may proceed pending Wilkins' renewed application to proceed in forma pauperis. The Court grants Wilkins leave to resubmit a sufficiently detailed application to proceed in forma pauperis in compliance with the above analysis.

## VI. ORDER

1. Wilkins' Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is DENIED. The Court grants Wilkins leave to file an Amended Application for Leave to Proceed In Forma Pauperis in compliance with the Court's analysis above. Wilkins must file his amended application within **30** days of the issuance of this Order.
2. The Court GRANTS the Motion for Leave to File Electronically (Dkt. 5).
3. The Court DENIES the Motion for Appointment of Counsel (Dkt. 6).
4. Failure to submit an Amended Application for Leave to Proceed In Forma Pauperis within the ordered timeframe will result in the full dismissal of the Complaint with prejudice and without further notice.

DATED: October 20, 2026

David C. Nye
U.S. District Court Judge